Dear Mr. Vidrine:
We are in receipt of your request for an opinion of the Attorney General as Chairman of the Allen Parish Indigent Defender Board. You indicate the Board is having financial problems and questions have arisen as to whether some of the Board's actions are legal and ethical. You ask the following questions:
 1. Can members of the Board accept appointments to represent indigent defendants;
 2. Can the Board hire an attorney to represent indigents as an employee and withhold taxes rather than contract type work whereby the attorney takes care of his taxes; and
 3. What impact would a malpractice suit against the employee attorney have on the Board members personally and professionally.
In accordance with the mandate in Article 1, Section 13 of the Louisiana Constitution of 1974 that "the legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents", the legislature has provided for an indigent defender board in each judicial district, R.S.15:144. The legislature has set forth in R.S. 15:145 optional procedures from which the district board may make a selection in order to provide counsel for indigent defendants. In addition to appointments by the court from a list provided by the district board of volunteer attorneys, or the district board entering into contracts with one or more attorneys residing in the judicial district, the district board may employ a chief indigent defender and such assistants and supporting personnel as it deems necessary with the salaries fixed by the district board.
While R.S. 15:145(B)(2)(a) provides that the chief indigent defender shall not be a member of the board, the statute does provide in the event of inadequate personnel that the court may appoint counsel to represent indigent defendants from a list of volunteer attorneys provided by the board.
It would appear the answer to your first two questions are covered by this statutory provision. It allows for employment of an attorney as chief indigent defender who you indicate could handle the majority of the indigent defendants.
Inasmuch as you state that one attorney could not handle all indigent cases, and it appears the Board cannot afford to hire an additional attorney, the statute allows for appointments by the court from the volunteer list when there is inadequate personnel. Although the statute prohibits a member of the board from being the chief indigent defender, we do not find that a member of a board is prohibited from being on the volunteer list to accept appointments by the Court.
Thus, in answer to your first question we find nothing which would prohibit a sitting board member from accepting appointments to represent some of the indigent defendants.
With regard to your second question, the board may employ an attorney to represent indigents as the chief indigent defender and any other necessary personnel that the board can afford.
Finally, the answer to your third question falls under R.S.9:2792.4 which provides as follows:
 A. As used in this Section, a "member of a board, commission or authority of a political subdivision" means a person serving as an elected or appointed director, trustee, or member of a board, commission, or authority of a municipality, ward, parish, or special district, board or commission of the state, including without limitation, a levee district, school board, parish law enforcement district, downtown development district, tourist commission, port commission, publicly owned railroad board or commission, or any other local board, commission, or authority.
 B. A person who serves as a member of a board, commission, or authority of a political subdivision as defined in Subsection A, shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission, or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct.
Thus, we must conclude that a malpractice suit against the chief indigent defender would have no impact upon the board members personally or professionally unless any damage was caused by their willful or wanton misconduct.
You have stated that the Allen Parish Indigent Defender Board is having financial problems and the situation is becoming worse every day. The Louisiana Supreme Court presently has a case under consideration involving the question of funding for counsel for indigent defendants, and the decision of the Court may solve any existing financial problems.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0463f